IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT ISADORE RICHARDSON,

        Petitioner,

v.                                                      Civil Action No. 3:07CV93
                                                         Criminal Action No. 3:05CR40

UNITED STATES OF AMERICA,         (JUDGE BAILEY)

        Respondent.

**REPORT AND RECOMMENDATION
THAT §2255 MOTION BE GRANTED ONLY ON THE ISSUE THAT PETITIONER
INSTRUCTED COUNSEL TO FILE A NOTICE OF APPEAL**

**I. INTRODUCTION**

On July 27, 2007, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] The Government was ordered to answer petitioner's Motion Under 28 U.S.C. § 2255 on October 5, 2007.[2] On November 1, 2007, the Government filed a Motion for Extension of Time to File Response.[3] The Government filed its response on November 29, 2007.[4] By Order dated February 7, 2008, this Court denied the Government's Motion for Extension of Time to File Response as moot. Petitioner then filed a Motion for Extension of Time to File a Reply on February 26, 2008,[5] and filed his Response in Opposition on March 4, 2008.[6] On March 12, 2008, this Court denied as moot, petitioner's

---

[1]Docket No. 103

[2]Docket No. 105

[3]Docket No. 107

[4]Docket No. 109

[5]Docket No. 110

[6]Docket No. 111

1

Motion for Extension of Time to File a Reply.[7] Petitioner then filed a Supplemental Brief on April 7, 2008.[8] On June 23, 2008, a Report and Recommendation recommending that the § 2255 motion be denied as to all grounds but one and setting an evidentiary hearing on the sole issue of whether petitioner instructed his counsel to file a notice of appeal was entered.[9] An evidentiary hearing was held on September 5, 2008. Testimony was taken from petitioner and his former counsel, Sherman Lambert, Esquire.

## II. ANALYSIS

In this case, petitioner asserts that he requested his counsel file a notice of appeal at the conclusion of the sentencing hearing, on August 8, 2006, based upon purported errors in the career offender enhancement and an appeal based upon his counsel's ineffectiveness. Petitioner notes that he wrote counsel a letter on August 27, 2006 requesting counsel file a notice of appeal. Counsel responded in writing on August 31, 2006 stating that he had not been retained to represent petitioner's interests on appeal. Counsel did not file an appeal. Therefore, petitioner asserts counsel was per se ineffective for failing to file a notice of appeal as instructed. An evidentiary hearing was held pursuant to United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007), which held that an evidentiary hearing is required in such cases to determine whether the petitioner unequivocally instructed his attorney to file a notice of appeal or, if his attorney was not so instructed, the court will determine if petitioner met his burden of showing that: (1) his attorney had a duty to consult under Roe v. Flores-Ortega, 528 U.S. 470 (2000); (2) his attorney

---

[7]Docket No. 112

[8]Docket No. 113

[9]Docket No. 121

failed to fulfill his consultation obligations; and (3) he was prejudiced by his attorney's failure to fulfill these obligations.

The standard for establishing ineffective assistance of counsel is the familiar standard articulated in Strickland v. Washington, 466 U.S. 668 (1984). The defendant must establish that counsel's acts or omissions "were outside the range of professionally competent assistance." Id. at 690. Judicial scrutiny of counsel's performance is "highly deferential," and the Court must avoid second guessing counsel's strategy for obtaining a favorable result for the client. Id. at 689. The burden is on the defendant to prove, by a preponderance of the evidence, that counsel's performance was unreasonable. Id. at 687-88. The reasonableness of counsel's performance is an objective inquiry. Id. at 688.

In the context of a failure by counsel to file a notice of appeal, the Fourth Circuit Court of Appeals has held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). In rendering this decision, the Court opined:

> Persons convicted in federal district courts have a right to a direct appeal. Coppedge v. United States, 369 U.S. 438, 82 S.Ct.917, 8 L.E.2d 21 (1962). In addition, the Sixth Amendment right to counsel extends to the direct appeal, Douglas v. California, 372 U.S. 353, 83 S.Ct. 917, 8 L.Ed.2d 811 (1963), and it obligates the attorney to file the appeal and identify possible issues for the court even if, in the attorney's opinion, those issues are not meritorious. Anders v. California, 386 U.S.738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Id. at 41.

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the United States Supreme Court

3

recognized that "[i]f counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Flores-Ortega, 528 U.S. at 478.

Further, the Fourth Circuit maintains that counsel must file an appeal if instructed to, even if appealing would seem contradictory to client's best interest:

> "[A]n attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests. In this case, although there is a real possibility that [defendant] will face a higher sentence or even charges related to the [ ] incident if he decides to appeal, his right to appeal cannot be thwarted by attorney error."

United States v. Poindexter, 492 F.3d at 273.

In the case at bar, the Government contends that petitioner's claim is without merit because counsel was terminated by petitioner at the conclusion of the sentencing hearing. The Government further contends that it would have therefor been unethical for counsel to file a notice of appeal when he was no longer retained as counsel. For support, the Government includes an affidavit from petitioner's former counsel attesting to the Government's explanation of events and copies of correspondence between the petitioner and counsel.

Conflicting testimony was heard at the evidentiary hearing as to whether petitioner terminated Mr. Lambert at the conclusion of petitioner's sentencing hearing. Other than Mr. Lambert's testimony, the Government offers no evidence that the attorney-client relationship between petitioner and Mr. Lambert was terminated at this time or at any time thereafter. There was nothing in writing to show that petitioner had terminated Mr. Lambert and neither party informed the Court within the ten day period that the relationship had been terminated.

Petitioner testified that he had been involved in various other criminal proceedings and had always had counsel. Rather than attempting to contact another attorney following his sentencing, petitioner contacted Mr. Lambert to have Mr. Lambert file an appeal. This indicates to the Court that petitioner believed the attorney-client relationship was in existence, despite what may have been said following the sentencing hearing. Furthermore, the Court finds that even had it been established that petitioner terminated Mr. Lambert in a heated moment following his sentencing hearing, Mr. Lambert should have either filed the notice of appeal and informed the Court that he had not been retained for the appeal or determined conclusively that petitioner did not want an appeal to be filed.

The sentencing hearing was held on August 8, 2006. The judgment became final ten days later on August 18, 2006. The Court finds petitioner's testimony whether he and Mr. Lambert discussed an appeal at any time prior to the sentencing not entirely credible. Petitioner first states that an appeal was not discussed prior to the sentencing. Petitioner testified that Mr. Lambert discussed with him each and every paragraph of the plea agreement except for paragraph 10, the paragraph containing the waiver of petitioner's right to appeal. The petitioner later testified that an appeal was discussed during his first meeting with Mr. Lambert.

What appears not to be debatable, however, is that petitioner notified Mr. Lambert of his desire to file an appeal following the sentencing hearing. Petitioner and his wife testified that they called Mr. Lambert subsequent to the August sentencing hearing and asked him to file an appeal. Mr. Lambert responded that he was no longer petitioner's attorney and he would need more money to be retained for the appeal. Petitioner introduced a letter dated August 27, 2008 in which he instructed Mr. Lambert to file an appeal. Although this letter is after the ten-day period, it is evidence that petitioner wanted an appeal to be filed. Mr. Lambert responded by

5

letter dated August 31, 2008 indicating that he no longer represented petitioner and had not been retained to file an appeal. The Court believes the better course of action for Mr. Lambert would have been to file the notice of appeal and withdraw from the case. Not to file the notice of appeal upon being instructed to do so is per se ineffective.

When a criminal defendant instructs counsel to file an appeal and the appeal is not filed, it is ineffective assistance of counsel per se - irrespective of the merits of the appeal. Evitts, 469 U.S. at 391-405. Mr. Lambert has attempted to distinguish between being retained by petitioner, rather than appointed by the court. However, Mr. Lambert still owed petitioner a duty and he failed to take the simple step of filing a notice of appeal and in so doing failed to protect his client's interests. By a preponderance of the evidence, the undersigned finds that Mr. Lambert was instructed to file an appeal in a timely manner and his failure to do so was per se ineffective. The remedy is to vacate the original judgment and enter a new judgment from which an appeal can be taken. Peak, 992 F.2d at 42.

### III. RECOMMENDATION

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion granted on the issue that petitioner requested his attorney to file an appeal and counsel ignored or refused this instruction. The Court recommends the original judgment be vacated and the petitioner be resentenced.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to

appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to transmit a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and counsel of record, as applicable.

DATED: October 24, 2008

       /s/ *James E. Seibert*
      JAMES E. SEIBERT
      UNITED STATES MAGISTRATE JUDGE